The next case on the calendar is Demps v. Taconic Correctional Facility. Demps v. Taconic Correctional Facility Hi. I would like to please the court to say that my name is Shirley Demps. I'm representing myself as pro se in this matter. Your Honors, I am here because of discrimination and disability. I have a hearing loss in both ears. And also for my age, I'm 65 years old, will be 66 next week. Also, I'm here due to my color and race. Taconic Correctional Facility started in 2005. And I was also the local president at my facility at one time. What I've noticed is that Taconic Correctional Facility is a very discriminatory location. I'm not the only one complaining. Okay. You started working there in July 2005? Say it again. You started working in July 2005 at Taconic? Yes, July. And you only worked at Taconic? How long? How long? Okay. Well, I've worked since 2005 up to present time. I'm still working there now. So I've seen a lot of things, and I've tried to communicate with the facility, also with DAS, also with my union, civil service, everyone, to let them know something's going on. But I have been totally ignored. Okay. You know, I have done grievances that have not been responded to. I know the mayor has an executive order, 187, that's for the facilities. And it's coming down to the point now that the governor is sending those facilities the executive order, what they need to do. I have gotten new correspondence in in reference to that. Also, as far as the grievances, they owe me money. I have not seen any progress to check out what I'm talking about. I want my money. Okay. I'm not the only one that money is being taken away from. Okay. Okay. With civil service, there was a default judgment, but because of the federal district court, they denied my claim and allowed civil service to be represented by the attorney general's office. I thought that was totally unfair because they missed the deadline. Okay. I get reasonable accommodation. I'm not being accommodated the way I should be. They have me wearing a two-way radio. That's not what I need. I need a watch or something that vibrates to let me know what's going on because they're exposing me to inmates. Okay. And I feel sometimes unsafe because of that. But I'm lucky enough that they are accepting me. Okay. They owe me money for longevity. They owe me money for out of title. They owe me money for hazard duty pay. I have brought up them on improper process. They did not get back to me, but they got back to my union. I thought that was totally unfair. But I went after DAS and Taconic, but only CSEA seemed to have responded to that from that particular agency. I want to know why did the judge close my case when he doesn't even know all the facts. I asked for discovery. Okay. I want the case to be referred back to the district court, and I want them to give me what my rights asked them to give me. May I ask you a question, ma'am? The district judge thought that you had not pleaded sufficient facts in your complaint to state a claim. And now I'm going to focus on your race discrimination claim. In the papers you filed with the district court, you provided some more facts, but you told the district judge that you didn't want to amend your complaint. And I'm not sure I understand why you said that, because allowing you to amend might have allowed you to plead the more facts that were missing. Why did you not want to amend your complaint? I amended my complaint once. Right. That was on January, in January. All right. Let's assume for a moment, though, that even your amended complaint was not sufficient, but that your papers showed that you had more facts. Why didn't you want to amend your complaint to add those? I didn't even know about the second what they call a second amendment. I didn't even know about that until I got the order that the case was dismissed. I see. Okay. So you would want the opportunity to amend your complaint to add specifics about the positions you applied for? I did that. In my opposition papers, the judge just did not include that into his decision, because what I'm saying basically, if he would have taken all the information I provided in my complaint, as well as the opposition papers, as well as exhibits and so forth and so on, he would have had a clear picture of everything. It's all there, what I sent to him. Okay. So we'll hear from your adversary, and then you'll have an opportunity to respond. Okay. Hold on for a second there. Thank you. May it please the Court. My name is Amit Vora, and I represent the State Epelese. This Court should affirm the district court's dismissal of the employment discrimination action. As a threshold matter, two of the parties are not proper parties to this suit. That's Taconic Correctional Facility and the Department of Civil Service. And then the non-Title VII claims are barred by sovereign immunity. So that leaves the Title VII claims against DOCS. But those claims fail because the plaintiff's amended complaint and other papers fail to contain any allegations that these promotion denials occurred under circumstances involving any sort of discrimination. Now, as Your Honors have alluded to, the amended complaint is conclusory and threadbare and has no facts, really. There are some facts in the opposition to the motion to dismiss. But even if we can ---- Why shouldn't the district court have provided or why shouldn't the plaintiff be provided with an opportunity to amend as to the Title VII claims against DOCS? Because even if this Court were to consider those supplementary allegations, they still would fail to state a claim. Because within those papers, there is still no allegation of discriminatory animus on the part of DOCS. There's still no allegation about any remark, any sort of action taken by any DOCS employee. Now, this ---- Does the district court consider the material provided by the plaintiff as if it were incorporated into an amended complaint? Yes, Your Honor. Because in the district court's decision, there are certain lines in which it alludes to allegations that are actually made in the opposition to the motion to dismiss and that are not made in the amended complaint. So it does seem that the district court did give the plaintiff the benefit of the doubt and consider certain supplementary allegations. Again, our position is that those allegations are outside the record. But even if we were to consider them ---- Does the court essentially say even including the new allegations that you've provided, although not in the form of an amended complaint, even if they were included, it would be insufficient? Yes, Your Honor. And that's the reasoning that was the basis for the district court's decision not to allow another amendment, because the plaintiff has had an opportunity to present her full case that occurred ---- that was in this opposition to the motion to dismiss. This is what the Second Amendment complaint would look like. But even then, it doesn't have any of the factual allegations that would sustain a Title VII claim. What is alleged in the submissions, as I understand it, is five instances when she was passed over for promotion with a general assertion that race was informing the decision to pass her over. Now, she then also alleges that race played a part in other failures to promote in the work environment. So to that extent, why isn't it at least possible ---- I mean, she says that promotions were generally not awarded to African-American or Hispanic employees, but rather to Caucasian or Indian candidates. So, I mean, why isn't that enough to at least raise the possibility that she could plead a valid prima facie case? Because, Your Honor, we have this list of positions that she applied for and was rejected from, but she doesn't have any factual allegations that discrimination played a role in those particular decisions. Then there's this general allegation that at Taconic, we have a situation where people of ---- people who are Caucasian and individuals from India are advancing at a far faster rate. But that allegation isn't at all linked back to anything that's happened to her. She hasn't said ---- Kennedy, under the McDonnell-Douglas standard for Title VII complaints, a complaint is sufficient with very, very little in it. It doesn't really ---- it doesn't need, like other complaints, to furnish factual information that supports it. Absolutely, Your Honor. Until the moment comes when the employer furnishes and puts to trial another non-discriminatory reason, the pleading requirement is extremely light. That's correct, Your Honor, and we agree the pleading requirement is light. But the plaintiff needs to lift something. And there's nothing here that there is this general allegation that certain individuals are advancing at a faster rate. But there's no allegation that these employees are similarly situated to her, that she's at least as qualified. Yes, that some of them were less well qualified and that they were of other races. That's ---- I mean, this is not a pleading yet. This is what she puts in her opposition papers. And, you know, together with what presumably would be some kind of statistical showing about the general awarding of promotions and positions based on race. The State maintains that this is, even if we were to consider it, which we don't think should be considered, it's still insufficient. I believe, Your Honor, might be referring to the mailroom position. In that position, within her paper, she even states that the reason, she was given a reason for why she was denied that position, which is that the other candidate had more experience. Then there's another position, which I believe is the office assistant to calculations position. That one she didn't actually apply for, which is also within this paper. And then there's yet another position which she was rejected for because the position had to be filled from a transfer or reassignment list. And she admits all this within this particular document. So what we have are these positions that are mentioned, but there are reasons  And then this general conclusory allegation that it seems that DOCS is a place where people who are Caucasian and Indian tend to advance more quickly. Now, we also have certain remarks within this paper from her DOCS colleagues, but these remarks also don't show any sort of discriminatory animus and are not even related to race, age, or disability. She says that many of her colleagues have told her, you've — how many times have you tried for a promotion and did not get it? Well, that reflects, I suppose, sympathy from her DOCS colleagues that she hasn't been promoted and she's been denied promotions, and the State shares that sympathy, but that still isn't enough to sustain a Title VII claim. Am I right that the record does not include her August 2016 EEOC filing? That's correct, Your Honor. So to that extent, we don't know the timeliness of her complaints about any of these particular promotions or whether she exhausted administrative remedies, right? Yes, Your Honor. But if she supplied her 2016 EEOC charge, that could be determined, right? Perhaps, Your Honor. And this goes to the exhaustion of administrative remedies argument. Now, it is true that the exhaustion of administrative remedies is an affirmative defense. It's a waivable affirmative defense, not a jurisdictional bar. But my point is, with a pro se litigant, the lack of that and the fact that it might be pertinent would normally warrant asking her to supply it, not immediately dismissing her case or assuming the worst yet. Yes, Your Honor. But this opposition does include positions that she's applied for. But none of those positions are within the 300-day window. So it's still a problem, because we don't have any predicate occurrences that would allow this Court to reach back to events that happened before the 300 days or afterwards. Right. But that might then raise the question of whether those previous denials are going to be used as claims in and of themselves or rather as some kind of general evidence showing that the timely denial should be viewed as discriminatory because look at the pattern that's happened, right? Yes, Your Honor. Okay. Thank you. Ms. Stemps, just one moment. We're going to hear from the union. Thank you. Good afternoon. May it please the Court. Leslie Perrin, appearing for General Counsel. Darren Reilowitz, representing the Defendant Appellee, CSCA. With regard to CSCA, the only claims and allegations in the complaint, in the amended complaint that added CSCA as a party are under the state law, the Taylor Law. As with regard to those complaints, the District Court properly dismissed for lack of subject matter jurisdiction in that there were no additional federal causes of action or potential claims against CSCA alleged in the amended complaint. Further, with regard to whether or not looking at the substance of the duty of fair representation claim, the allegations in the complaint alleged any plausible claim for relief, the District Court properly determined that there were no such facts in support of any allegations, even considering it on the merits. Finally, with regard to the fact that Ms. Stemps is a pro se litigant, in reading her opposition papers to the motion to dismiss, CSCA took the position that it could be perceived as an attempt to amend, to file a second amended complaint and for relief to do so, and provided a response to all of the allegations contained therein, to the extent that what plaintiff appeared to be doing was trying to add CSCA or bring all of her federal claims, which were with respect to CSCA, not exhausted. CSCA was not a party to the EEOC complaint. None of the rest of those allegations were ever brought against CSCA. CSCA responded and indicated that that should not be permitted because adding her — allowing her to file a second amended complaint to bring those allegations against CSCA and or to request that the District Court hear the substance of the improper practice charge would have been inappropriate. And to the extent that the Court analyzed it that way and denied what appeared to be a motion seeking leave to file a second amended complaint, it's CSCA's position that that should also be affirmed. Thank you. Okay. You talk about second amendment complaint. All that should be done is the case should be referred back to the District Court and allow me to have discovery and a trial by jury. I have provided all the paperwork, and if I have additional, I will provide that as well. Okay. Now, CSCA is talking about improper process. Yes, I filed one, but they did not get back to me, PERP. Okay. So I don't know what's going on with that, but CSCA is responsible, too, for a violation of my constitutional rights. Okay. The application that I filed for this case, it doesn't provide enough, you know, time or area to put down everything. And that's why I have the opposition, everything should have been considered instead of closing my case. Thank you. Thank you very much. Ms. Dimpson will take the matter under advisement. Thank you all. That is the last case to be argued on the calendar this morning, so I'll ask the clerk to adjourn court.